Manzanet-Daniels and Gische, JJ.,
dissent in a memorandum *565 by Manzanet-Daniels, J., as follows: I would affirm the order of the motion court denying plaintiff insurer’s motion for summary judgment declaring that it is not obligated to indemnify Gomez, the plaintiff in the underlying personal injury action.[3]
Where the insured fails to give timely notice, an injured party can give notice himself, thereby preserving his or her right to proceed directly against the carrier (Appel v Allstate Ins. Co., 20 AD3d 367 [1st Dept 2005]). Section 3420 (a) of the Insurance Law confers on the injured party an independent right to give notice, so long as he or she acts diligently in endeavoring to ascertain the identity of the insurer, and gives notice as soon as it is reasonably possible to do so (see Lauritano v American Fid. Fire Ins. Co., 3 AD2d 564 [1st Dept 1957], affd 4 NY2d 1028 [1958]). In determining whether notice has been timely given, the standard to which an injured party is held is understandably less rigorous than the one applicable to an insured. “Having been statutorily granted an independent right to give notice and recover directly from the insurer, the injured party or other claimant is not to be charged vicariously with the insured’s delay” {Appel, 20 AD3d at 368 [denying insurer’s motion for summary judgment where the plaintiff did not become aware that the insurer was the carrier for the defendants in the underlying action until approximately two days before the insurer sent its disclaimer letter]; Denneny v Lizzie’s Buggies, 306 AD2d 89, 89 [1st Dept 2003] [denying insurer’s motion for summary judgment where the plaintiff tried several times over the course of a year to ascertain the identity of the defendant’s insurer, especially in view of the “misleading conduct and subterfuge” of the defendant’s owner to prevent disclosure of the insurance information sought by the plaintiff]; see also drone v Tower Ins. Co. of N.Y., 39 AD3d 435, 435-436 [1st Dept 2007] [motion court properly found that the plaintiffs’ action was not barred by the failure to give the defendant’s insurer separate, formal written notice], lv denied 9 NY3d 808 [2007]).
I disagree with the majority’s conclusion that Gomez failed to act diligently, depriving him of the protection of section 3420 (a). In response to explicit discovery requests from Gomez demanding copies of any applicable insurance policies, Xu responded “none.” After many months of Gomez’s attempting to ascertain whether Xu had insurance coverage, Xu produced a certificate for a homeowners policy for the year after the incident occurred (from October 8, 2007 through October 8, *566 2008). Contrary to the majority, I do not believe that the fact that the certificate was denominated “renewal”[4] automatically leads to the conclusion that liability coverage was in effect on May 3, 2007, the date of the incident, or imposed an obligation to investigate further, particularly where multiple discovery requests had been served and Xu’s responses thereto were less than forthcoming. Indeed, Gomez was under a reasonable belief that no coverage existed, since he had no documentation whatsoever of an insurance policy covering Xu on the date of the incident. The first Gomez learned of the existence of the Xu policy was on the date he received a notice from plaintiff insurer disclaiming coverage. The majority, in ruling that Gomez is not entitled to coverage under the Xu policy, is effectively penalizing Gomez for Xu’s dilatory and obstructive behavior.
The insurer had been apprised of the action by the school district, Xu’s codefendant in the underlying suit. Thus, it cannot be said that the insurer was in any way prejudiced or otherwise hampered in its investigation of the claim.
Gomez lost vision in an eye as a result of the incident. The majority now holds that Gomez is not entitled to coverage under Xu’s policy because he neglected to give notice, even though doing so would have essentially been a futile act since the insurer had already been apprised of the suit by the school district and had already disclaimed coverage as to Gomez. I must respectfully disagree with the majority’s conclusion that Gomez is not entitled to coverage under the circumstances of this case.

. On reargument, the motion court granted the insurer’s request to enter a default judgment against Barry Xu, the father of the infant defendant. Plaintiff has accordingly withdrawn its appeal as respects Xu.

. It bears further noting that Xu produced not the policy itself, but merely a certificate, and that the word “renewal” is not capitalized or otherwise highlighted.